UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| OLIVIER MISIGARO, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>PATRICIA HYDE, in her official )<br>capacity as ICE ERO Boston Field )<br>Office Director, et al., )<br>)<br>Respondents ) | No. 2:25-cv-00538-LEW |

## **ORDER**

Olivier Misigaro ("Petitioner") petitions the Court for a writ of habeas corpus to determine whether there is cause to issue an order that releases him from Respondents' custody. The Petition arises under 28 U.S.C. § 2241 and raises a challenge related to the "detention and removal of aliens ordered removed" under 8 U.S.C. § 1231. Petitioner alleges he has been subjected to an excessive period of detention subsequent to a final order of removal, in violation of the Due Process Clause, a habeas claim often referred to as a *Zadvydas* claim, in reference to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

I held a hearing on the Petition on November 6, 2025. The hearing consisted of advocacy only; neither party called a witness or made a new evidentiary proffer. For reasons that follow, Petitioner's request for immediate release is denied without prejudice. However, a general writ *ad testificandum*/*ad prosequendum* is issued to facilitate Petitioner's attendance and participation at state court evidentiary hearings and/or trial in his criminal matters now pending in the Cumberland County District or Superior Court.

## BACKGROUND

Petitioner Misigaro's native country is Rwanda. Verified Pet. ¶ 2. In 2019, Petitioner made an authorized entry into the United States pursuant to a B1/B2 Visa. *Id.* ¶ 31. Although the B1/B2 Visa program authorizes a temporary visit to the United States and includes a representation that the applicant does not intend to immigrate to the United States, Petitioner in fact sought to escape persecution in Rwanda. Pet. Ex. A, PageID # 23. At some point following his arrival in the United States, Petitioner took up residence in Maine and applied for asylum, withholding of removal, and protection under the Convention Against Torture.

Petitioner evidently has an ex-spouse, who also resides in Maine. She is the complaining witness behind a domestic violence prosecution pending in state court in Cumberland County. The state court released Petitioner on personal recognizance bail. The charges include a charge of aggravated assault. *Id.* Petitioner maintains that his ex-wife's allegations of assault are fabricated and were designed to strengthen the ex-wife's case for divorce. *Id.* In January 2025, the State of Maine District Attorney charged the Petitioner with five counts of violating the terms of Petitioner's bail conditions. *Id.* According to Petitioner, his ex-wife is an ally of the ruling party in Rwanda, the Rwandan Patriotic Front ("RPF"), and monitors his activity and reports it to the RPF embassy in Washington, D.C. *Id.*, PageID # 24-25.

Petitioner has been detained in Wiscasset, Maine, at Two Bridges Regional Jail, since January 2025. Verified Pet. ¶ 1. Given the timing of his detention, it is possible,

though it is not clear, that Petitioner's detention coincides with the alleged violations of his bail conditions. Currently, Petitioner has no convictions. *Id.* ¶ 12.

On March 26, 2025, an immigration judge granted Petitioner a "withholding of removal" to Rwanda based on a finding that Petitioner established that he would face "a clear probability of persecution" in his home country.[1] *Id.* ¶¶ 3-4. However, the immigration judge's withholding of removal also involved a determination that Petitioner is removable from the United States. *Id.* ¶ 1. That determination became a final order of removal on April 26, 2025, after Petitioner failed to appeal it. *Id.* Because of the withholding, the removal of Petitioner from the United States requires removal to a country other than Rwanda, a so-called "third country removal."[2]

In late September 2025, Petitioner participated in an ICE custody review, a process through which ICE considers whether to release an alien/noncitizen[3] detainee. Verified Pet. ¶ 13. The law affords ICE the discretion to parole, pending removal, aliens subject to removal orders. The process is governed by an inquiry into the likelihood that removal

---

[1] Petitioner observes that asylum would be warranted based on the immigration judge's finding concerning persecution, but an award of asylum is discretionary and subject to a variety of exceptions. *See* 8 U.S.C. § 1158; 8 C.F.R. § 208.13; *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 110 n.4 (2020).

[2] In June 2025, Petitioner filed a habeas petition in this Court and sought immediate release from detention because 90 days had passed since the immigration judge entered the decision calling for both removal and withholding of removal to Rwanda. *Misigaro v. Hyde*, No. 2:25-cv-00339-LEW. It appears that the petition was premature because the 90-day period begins to run after the order of removal becomes final, not on the day the order issues. 8 U.S.C. § 1231(a)(1)(B); *see also* Verified Pet. ¶ 8. Although I ordered a hearing on the June petition, Petitioner filed a notice of dismissal on July 3, 2025. Petitioner asserts in his current petition that he dismissed the prior petition because the parties partially resolved Petitioner's request for access to pre-trial criminal proceedings occurring in state court.

[3] "Alien" is a term of art that corresponds with "noncitizen." 8 U.S.C. § 1101(a)(3). As defined, the term alien is a non-pejorative legalism and I maintain its use in conformity with the statutory scheme.

will be effectuated in the "reasonably foreseeable future" and an assessment of the risk the detainee may pose to the public. 8 C.F.R. § 241.4(e).

Petitioner's state court counsel has provided a declaration for the Court's consideration. Attorney Stuart Tisdale, whose practice is based in Portland, relates that it is very difficult to meet with Petitioner at the Two Bridges Regional Jail in Wiscasset, due to the travel time required to visit with him and the need to visit in the evening or on weekends. Reply Ex. 1, PageID # 115. Attorney Tisdale understandably relates that preparation for trial would be greatly facilitated by Petitioner's release from ICE custody, since they could much more readily meet with an interpreter and encourage members of Petitioner's community to attend the trial to speak to Petitioner's good character. *Id.*

The record also contains evidence suggesting that ICE is generally unwilling to produce a detainee in response to a state court writ, unless production can be achieved by means of a Zoom call. *Id.*, PageID # 116, 119; Reply Ex. 2, PageID # 121. At the November 6 hearing, counsel for Respondents was not able to dispel this impression, though he assured the Court that such a writ issued by this Court would be honored.

By affidavit, ICE Assistant Field Office Director ("AFOD") Keith Chan has informed the Court that ICE's ENFORCE Alien Removal Module ("EARM"), an electronic case-management database, shows that on or about July 28, 2025, Boston Enforcement and Removal Operations ("ERO Boston") conducted a Post Order Custody Review ("POCR") pursuant to 8 C.F.R. § 241.4. ERO Boston decided to continue the detention of the Petitioner while it continues to seek a third country of removal. On or about October 8, 2025, ERO Boston began the 180-day POCR review process per the

regulations. The POCR decision was transferred to Headquarters Removal and International Operations, and individuals there will review Petitioner's custody status and determine if he should be released. At the time of this Court's November 6 hearing, the administrative custody review process was incomplete.

## DISCUSSION

In connection with removal proceedings, Petitioner has been detained at the Two Bridges Regional Jail in Wiscasset since January of 2025. Petitioner's detention has continued for more than six months beyond the effective date of his removal order. Petitioner claims that these circumstances, complicated by his need to defend himself against state charges, violate the Due Process Clause and entitle him to a writ of habeas corpus that orders his release from ICE custody subject to reasonable parole supervision requirements. Verified Pet. ¶¶ 8, 11 and pp. 13-14. This claim is the focus of the discussion that follows.

Petitioner also alleges as grounds for habeas relief that his prolonged detention is the product of racial discrimination in violation of the Equal Protection Clause. *Id.* ¶¶ 38-44. Petitioner did not make any effort to advance or substantiate this contention at the hearing and I deem it waived.

Petitioner also challenges the lawfulness of a March 30, 2025, guidance document issued by the Department of Homeland Security entitled *Memorandum: Guidance Regarding Third Country Removals*, and requests an order that would compel ICE to amend its procedures associated with third country removals. *Id.* ¶¶ 45-51. Petitioner did

not make any effort to advance or substantiate this contention at the hearing, either, and I therefore deem it waived.[4]

As cause for Petitioner's ongoing detention, Respondents assert that while Petitioner's continued detention is no longer presumed to be reasonable under governing precedent, Petitioner's detention is right now under review and it takes time to effectuate a third country removal under 8 U.S.C. § 1231(b)(2)(E).

The legal framework governing post-removal-period detention is set by statute. After expiration of a 90-day removal period, *see* 8 U.S.C. § 1231(a)(1)(A), the United States can continue to detain certain classes of aliens by law, *see id.* § 1231(a)(6). However, generally speaking, absent cause for continued detention, the United States should release aliens from custody subject to appropriate terms of supervision. In *Zadvydas*, the Supreme Court read "an implicit limitation into" § 1231(a)(6), and held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention." 533 U.S. at 689. The *Zadvydas* Court also adopted a 6-month "presumptively reasonable period of detention." *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the

---

[4] The adequacy of the procedural components associated with third country removals are in issue in a class action case pending in the District of Massachusetts. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025).

reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner's showing circumstantially demonstrates that the removal of Petitioner to a third country presents an administrative challenge that is unlikely to be accomplished in the near term. However, at present, a variety of considerations persuade me that now is not the time to compel Respondents to release Petitioner. Those considerations are (1) the fact that Petitioner filed his Petition immediately following expiration of the presumptively reasonable detention period; (2) the pendency of an administrative review process that should conclude shortly, presumably by year's end; and (3) the quite serious state court charges pending against Petitioner, including an aggravated assault charge and charges of violating bail conditions, the final disposition of which, as Petitioner conceded at the hearing, likely will definitively inform his deportation proceedings regardless of the outcome. When I consider these factors in combination, I conclude that the prudent course of action is to deny immediate release but grant a more limited writ directing Respondents to produce Petitioner at all state court evidentiary hearings (including trial) associated with the pending state charges, so long as Petitioner remains in their custody, and to allow further time for Respondents to conclude their administrative review of the question of release pending removal. This approach best balances the respective interests of Petitioner and Respondents in recognition of the serious charges pending against Petitioner. If the POCR process concludes with a denial of release, that eventuality would justify a renewed habeas petition, but also would likely involve a record tailored to Petitioner's unique circumstances, potentially including some consideration of whether to relocate Petitioner

7

to the Cumberland County Jail, for example, to reduce the logistical burden of producing Petitioner in conformity with this Order.

## CONCLUSION

Petitioner's claim for immediate release from post-removal-period detention is DENIED. However, more limited relief is GRANTED, to wit, Respondents are hereby ORDERED to produce Petitioner at all evidentiary hearings, including trial, to which he is called by the state court and/or district attorney in connection with the charges of aggravated assault, domestic violence, and violation of bail conditions pending against Petitioner in the Cumberland County District or Superior Court, pursuant to 28 U.S.C. § 2241(c)(5).

With this relief in place, the case is closed.

**SO ORDERED.**

Dated this 10th day of November, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge